UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

TRUSTEES OF THE DRYWALL TAPERS AND
POINTERS LOCAL UNION NO. 1974 BENEFIT FUNDS and
THE DISTRICT COUNCIL NO. 9, DRYWALL TAPERS AND
POINTERS OF GREATER NEW YORK LOCAL UNION 1974,
AFFILIATED WITH INTERNATIONAL UNION OF
PAINTERS AND ALLIED TRADES, AFL-CIO,

Plaintiffs,

-against-

PAR WALL FINISHING CORP.,

Defendant.

Index No.: 19-cv-7958

**COMPLAINT**

---

Plaintiffs, Trustees of the Drywall Tapers and Pointers Local Union No. 1974 Benefit Funds (hereinafter referred to as the "Funds") and the District Council No. 9, Drywall Tapers and Pointers of Greater New York Local Union 1974, Affiliated with International Union of Painters and Allied Trades, AFL-CIO (hereinafter referred to as the "Union") or (collectively referred to as "Plaintiffs") by their attorneys Barnes, Iaccarino & Shepherd LLP allege as follows:

## JURISDICTION AND VENUE

1. This civil action is based on the provisions of Section 301 of the Labor Management Relations Act of 1947 (hereinafter referred to as the "Taft-Hartley Act") 29 U.S.C. Section 185, and on Section 502(a)(3) and Section 515 of the Employee Retirement Income Security Act, as amended (hereinafter referred to as "ERISA") (29 U.S.C. Section 1132(a)(3) and 29 U.S.C. 1145).

2. Jurisdiction is conferred upon this Court by Section 301 of the Taft-Hartley Act (29 U.S.C. Section 185) and Sections 502(e)(1) and 502(f) of ERISA (29 U.S.C. Sections 1132(e)(1) and 1132(f)); and derivative jurisdiction is contained in 28 U.S.C. Sections 1331 and 1337.

3. Venue properly lies in this District under the provisions of 502(e)(2) of ERISA (29 U.S.C. Section 1132(e)(2)) and Section 301 of the Taft-Hartley Act (29 U.S.C. Section 185) and 28 U.S.C. Section 1391(b).

4. This action is brought by the respective Trustees of the Funds in their fiduciary capacities for monetary damages and other equitable relief under ERISA and for breach of a labor contract to secure performance by an Employer of specific statutory and contractual obligations to submit the required monetary contributions and/or reports to the Plaintiffs in a timely fashion and to permit and cooperate in the conduct of an audit.

## PARTIES

5. The Plaintiff Trustees are, at all relevant times, the fiduciaries of jointly administered multi-employer, labor management trust funds as defined by Section 3(21)(A) and Section 502(a)(3) of ERISA (29 U.S.C. Sections 1002(21)(A) and 1132(a)(3)). The Funds are established and maintained by the Union and various Employers pursuant to the terms of the Trade Agreements and Trust Indentures in accordance with Section 302(c)(5)(1) of the Taft-Hartley Act (29 U.S.C. Section 186 (c)(5)). The Funds are employee benefit plans within the meaning of Sections 3(1), 3(2), 3(3) and 502(d)(1) of ERISA (29 U.S.C. Sections 1002 3(1), 3(2), 3(3) and 1132(d)(1)), and multi-employer plans within the meaning of Sections 3(37) and 515 of ERISA (29 U.S.C. Sections 1002(37) and 1145). Plaintiffs are Trustees of the Funds and the "plan sponsor" within the meaning of Section (3)(16)(B)(iii) of ERISA (29 U.S.C. Section 1002(16)(B)(iii)).

6. The Funds provide fringe benefits to eligible employees, retirees and their dependents on whose behalf the Employer is required to contribute to the Funds pursuant to its Trade Agreement (hereinafter referred to as the "Agreement") between the Employer and the Union. The Funds are authorized to collect contributions on behalf of the employees from the Employers and the Plaintiff Trustees as fiduciaries of the Funds are authorized to maintain suit as independent legal entities under Section 502(d)(1) of ERISA (29 U.S.C. Section 1132(d)(1)) and are obligated to bring actions to

enforce the provisions of the Trade Agreement and Trust Indentures that concern the protection of employee benefit rights.

7. The Fund's principal office is located and administered at 36-18 33rd Street, 2nd Floor, Long Island City, New York 11106 in the County of Queens.

8. The Union is a labor organization within the meaning of Section 301 of the Taft-Hartley Act (29 U.S.C. Section 185) which represents employees in an industry affecting commerce as defined in Section 501 of the Taft-Hartley Act (29 U.S.C. Section 142), and Section 3(4) of ERISA (29 U.S.C. Section 1002(4)), and as further defined in Section 12 of the General Associations Law of the State of New York.

9. The Union maintains an office and is administered at 45 W. 14th Street, New York, NY 10011 in the County of New York.

10. Upon information and belief, the Defendant, Par Wall Finishing Corp. (hereinafter referred to as "the Employer") at all relevant times, was and is an "employer" within the meaning of Sections 3(5) and 515 of ERISA (29 U.S.C. Sections 1002(5) and 1145) and was and still is an employer in an industry affecting commerce within the meaning of Section 301 of the Taft-Hartley Act (29 U.S.C. Section 185).

11. Upon information and belief, the Employer is a for-profit domestic corporation performing work in the State of New York and duly organized and existing pursuant to the laws of the State of New York with its principal place of business at 7 Railroad Street, Greenlawn, New York 11740 in the County of Suffolk.

## CAUSES FOR RELIEF
## AS AND FOR A FIRST CLAIM FOR RELIEF
## BREACH OF CONTRACT FOR FAILURE TO REMIT CONTRIBUTIONS

12. The Employer executed an Agreement with the Union and/or was and still is a party to an Agreement with the Union by virtue of membership in an Employer Association.

13. The Agreement and/or Trust Indenture and/or Policy for Collection of Delinquent Contributions (hereinafter referred to as the "Policy") requires the Employer to submit contribution reports setting forth the hours that each of its employees worked and the amount of contributions due pursuant to the rate schedules set forth in the Agreement for all work performed by its employees covered by the Agreement and to remit such monetary contributions in accordance with the Agreement and the rules and regulations established in the Trust Indenture.

14. Upon information and belief, as a result of work performed by the individual employees of the Employer pursuant to the Agreement, there became due and owing to the Funds from the Employer contribution reports and fringe benefit contributions.

15. The Employer has failed and refused to remit to the Funds contributions due and owing under the Agreement and in accordance with the Trust Indentures in the minmum amount of $3,415,851.89 for the period March 6, 2012 through November 18, 2014.

16. The amount described in paragraph 15 above is due and owing to the Funds and the Union and is based upon employer reports.

17. The Employer has failed and refused to remit to the Funds contributions due and owing under the Agreement and in accordance with the Trust Indentures in the minimum amount of $97,947.71 for the period April 2, 2019 through April 23, 2019.

18. The amount described in paragraph 17 above is due and owing to the Funds and the Union and is based upon employer reports.

19. The Employer has failed and refused to remit to the Funds those reports due and owing under the Agreement and in accordance with the Trust Indentures in the minimum amount of $359,680.44 for the period of April 30, 2019 through July 30, 2019.

20. The amount described in paragraph 19 above is due and owing to the Funds and the Union and is an estimated amount based upon an employer report last submitted for the week of April 23, 2019.

21. The Employer's failure, refusal or neglect to remit the proper contribution reports and fringe benefit contributions to the Plaintiffs constitutes a violation of the Agreement between the Employer and the Union wherein the Funds are third party beneficiaries.

22. Pursuant to the Agreement and the Policy, upon the Employer's failure to timely remit payment of fringe benefit contributions same shall be subject to interest at the rate of 5.25% per annum and liquidated damages at the rate of 10% of the delinquent contributions. In addition, if enforcement or collection procedures shall be commenced against an employer, such employer shall be required to pay the reasonable cost of expenses including attorney's fees and court costs.

23. Accordingly, pursuant to the Agreement the Employer is liable to Plaintiffs for the minimum amounts of $3,415,851.89 for the period of March 6, 2012 through November 18, 2014; $97,947.71 for the period of April 2, 2019 through April 23, 2019; and $359,680.44 for the period of April 30, 2019 through July 30, 2019, plus interest, liquidated damages, court costs and expenses and attorneys' fees.

### AS AND FOR A SECOND CLAIM FOR RELIEF
### VIOLATION OF ERISA FOR FAILURE TO REMIT CONTRIBUTIONS

24. Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs "1 through 23" of this Complaint as if set forth at length herein.

25. Section 515 of ERISA, (29 U.S.C. Section 1145) requires employers to pay fringe benefits contributions in accordance with the terms and conditions of the Agreement and Trust Indentures.

26. The Employer has failed to pay or timely pay the fringe contributions and/or submit the contribution reports to Plaintiffs owed as a result of work performed by individual employees of the Employer. Such failure to make timely payment constitutes a violation of Section 515 of ERISA (29 U.S.C. Section 1145).

27. Section 502 of ERISA (29 U.S.C. Section 1132) provides that upon a finding of an employer violation of Section 515 of ERISA (29 U.S.C. Section 114) which requires employers to pay fringe benefit contributions in accordance with the terms and conditions of collective bargain agreements, the Court shall award payment to a plaintiff Fund of the unpaid fringe benefit contributions, plus statutory damages and interest on the unpaid principal amount due both computed at a rate set forth in the United States Internal Revenue Code (26 U.S.C. Section 6621), together with attorney's fees, court costs and disbursement incurred in the action.

28. The failure to pay has injured the Funds by delaying the investment of contributions and causing unnecessary administrative costs for the Funds and has injured the participants and beneficiaries and other contributing employers of the benefit plan in the form of lower benefits and higher contribution amounts.

29. Accordingly, the Employer is liable to Plaintiff under the Agreement and any Trust Indenture concerning the payment of fringe benefit contributions and late charges and under Section 502 and 515 of ERISA (29 U.S.C. Sections 1132 and 1145) due to the failure to pay contributions when they are due.

30. Accordingly, the Employer is liable to the Funds and Union in the minimum principal amount of $3,873,480.04, plus liquidated damages, interest, attorney's fees, court costs and disbursements pursuant to Section 502 of ERISA (29 U.S.C. Section 1132).

## AS AND FOR A THIRD CLAIM FOR RELIEF
## BREACH OF SETTLEMENT AGREEMENT

31. Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs "1 through 30".

32. The Employer entered into a settlement agreement (the "Settlement Agreement") for contributions owed through May 20, 2014 to the Funds for employees who performed work for the Employer under the Agreement in the amount of $5,575,032.17.

33. The Employer defaulted on the Settlement Agreement by failing to submit payment installments due on or before June 15, 2019 and July 15, 2019 in accordance with the terms of the Agreement.

34. Accordingly, the Employer is in breach of the Settlement Agreement and is liable to the Funds in the minimum principal amount of $3,415,851.89, plus interest in accordance with the terms of the Settlement Agreement, and liquidated damages, interest, attorney's fees, court costs and disbursements pursuant to Section 502 of ERISA (29 U.S.C. Section 1132).

### AS AND FOR A FOURTH CLAIM FOR RELIEF

35. Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs "1 through 34."

36. Pursuant to ERISA, the Agreement and or/Trust Indenture, the Employer is required to timely submit current benefit contributions and reports to Plaintiff.

37. Upon information and belief, the Employer has in the past failed to timely submit current fringe benefits contributions and reports to Plaintiffs and is in breach of the statutory obligations under ERISA, the Agreement and Trust indenture.

38. During the course of the instant action, additional contributions and/or delinquency charges may become due and owing. If Defendant fails to pay the contributions and/or delinquency charges, as part of this action, at the time of trial or judgment, whichever is later, those additional amounts should be included.

**WHEREFORE**, Plaintiffs respectfully pray for Judgment against Defendant Par Wall Finishing Corp. as follows:

On the First and Second Claims for Relief:

(a) In the minimum sums of $3,415,815.89 for the period of March 6, 2012 through November 18, 2014; $97,947.71 for the period of April 2, 2019 through April 23, 2019; and $359,680.44 for the period of April 30, 2019 through July 30, 3019, plus interest, liquidated damages, attorneys' fees, court costs and disbursements all in accordance with the Trade

Agreement and the Policy for Collection of Delinquent Contributions, and pursuant to Section 502 of ERISA (29 U.S.C. Section 1132);

On the Third Claim for Relief:

(b) In the minimum sum of $3,415,815.89 owed for the balance of the Settlement Agreement for contributions owed through May 20, 2014, plus interest in accordance with the terms of the Settlement Agreement, and interest, liquidated damages, interest, attorneys' fees, court costs and disbursements pursuant to Section 502 of ERISA (29 U.S.C. Section 1132);

On the Fourth Claim for Relief:

(c) Damages in the amount of any additional contributions and/or delinquency charges which may become due and owing during the course of the instant action which amount shall include the principal plus interest and liquidated damages.

On All Claims for Relief:

(d) For such other and further relief as to the Court deems appropriate.

Dated: Elmsford, New York
August 26, 2019

Respectfully submitted,
BARNES, IACCARINO & SHEPHERD LLP

*Lauren M. Kugielska*
Lauren M. Kugielska, Esq.
Attorneys for Plaintiffs
258 Saw Mill River Road
Elmsford, New York 10523
(914) 592-1515